UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CUEVAS,<br><br>    Plaintiff,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC.,<br><br>    Defendant. | Case No. 23-cv-03166-VC<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

    This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties. The motion to remand is denied because the amount in controversy must be calculated based on the full class definition, regardless of the existence of any arbitration agreements.

    Cuevas does not appear to dispute that the class claims well exceed the five-million-dollar CAFA threshold based solely on the allegations in the complaint.[1] Instead, Cuevas argues that Little Caesar's invocation of employee arbitration agreements as an affirmative defense takes any employees who signed such agreements outside of the class definition for jurisdictional

---

[1] The motion to remand does include some general, vague language challenging the evidentiary basis of the removal notice. Dkt. No. 12-1, at 4–6. When the defendant's assertion of the amount in controversy is challenged, the Court must assess whether the jurisdictional requirement has been met by a preponderance of the evidence. *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193, 1195 (2015). However, Cuevas does not identify any particular assumptions that he finds questionable in the amount-in-controversy calculations (other than the inclusion of potential class members who signed arbitration agreements). Certainly, the burden is on the party seeking removal to show that the estimated amount in controversy "relied on reasonable assumptions." *Id.* at 1199. But to Little Caesar's calculations contain any questionable assumptions, adjusting the inputs accordingly would not reduce the approximately 61-million-dollar amount in controversy to anything at all close to the threshold.

purposes. Thus, he asserts that the 19,000-member class used in Little Caesar's removal calculations is too large, and that counting only the employees without arbitration agreements brings the amount in controversy below five-million dollars.

But the employees with arbitration agreements must be counted. "The amount in controversy is measured by Plaintiff's claims, not Defendant's defenses." *Maharaj v. Charter Communications*, No. 20-cv-00064-BAS-LL, 2021 WL 443175, at *6 (E.D. Cal. Sept. 30, 2021) (quoting *Murphy v. American General Life Insurance Co.*, No. ED CV14-000486 JAK SP, 2014 WL 341606, at *3 (C.D. Cal. July 1, 2014)). Neither the "inability of the plaintiff to recover" the full amount claimed nor the parties' awareness of the "existence of a valid defense to the claim" eliminates jurisdiction where a sufficient amount is claimed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Thus, the class allegations in the complaint control the jurisdictional analysis, regardless of the existence or validity of any arbitration agreements. *See Maharaj*, 2021 WL 443175, at *7; *Francisco v. Emeritus Corp.*, No. CV 17-02871-BRO (SSx), 2017 WL 2541401, at *8 (C.D. Cal. June 12, 2017). Plaintiffs bringing class actions are free to assert fewer claims or to limit their class definitions (for example, to exclude anyone who signed an arbitration agreement), but they may not file a complaint that covers class members with arbitration agreements and later seek to disclaim them to avoid otherwise proper federal court jurisdiction.

**IT IS SO ORDERED.**

Dated: September 22, 2023

_____
VINCE CHHABRIA
United States District Judge