UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CUEVAS,<br><br>      Plaintiff,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC.,<br><br>      Defendant. | Case No. 23-cv-03166-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 42 |

      The Court requests that the parties be prepared to address the following questions at the hearing on Plaintiff's Motion to Invalidate Arbitration Agreements, Restrict Defendant Little Caesar Enterprises, Inc. From Soliciting Opt-Outs, and Issue a Corrective Notice, set for December 17, 2024, at 1:30 p.m., in Courtroom 15 at the San Francisco Courthouse/via Zoom.

    1.    When a defendant presents putative class members in a pending litigation with an arbitration agreement, the agreement must be presented in a non-misleading and non-coercive way that informs putative class members of the pending litigation and their right to opt out of arbitration. *See, e.g.*, *Jimenez v. Menzies Aviation Inc*, 15–CV–02392–WHO, 2015 WL 4914727, at *6 n.5 (N.D. Cal. Aug. 17, 2015) (finding an ADR policy that gave the impression that it was a condition of employment and provided employees no opportunity to opt out coercive); *O'Connor v. Uber Techs., Inc.*, C-13-3826 EMC, 2013 WL 6407583, at *6 (N.D. Cal. Dec. 6, 2013) (finding that the arbitration opt-out provision in a mandatory employee licensing agreement was "buried in the agreement" and thus coercive). How does the MDRA's statement that the employees "voluntarily agree to be legally bound" inform them of their right to opt out?

2. The Court is tentatively considering requiring Little Caesars to issue the proposed corrective notice, with the following additional language at the end: "If you still wish to sign an arbitration agreement covering the Cuevas Class Action, you may contact _____ to do so. You are not required to agree to arbitration as part of your employment and may not be retaliated against for refusing to do so. Also, the arbitration agreement would not preclude you from participating as a witness in any lawsuit." If contacted by those individuals, Little Ceasars would be permitted to offer a corrected version of the MDRA that contains an opt-out provision and deletes Section 12(g). No third-party administrator would be involved. Also, Little Caesars could present the corrected version of the MDRA to new employees. What is the parties' position as to that proposal?

3. The current motion only seeks relief as to the MDRA. If Plaintiff seeks relief as to the DRA, a separate motion is required. Little Caesars's failure to timely produce the DRA is troubling. Moreover, the DRA does not inform putative class members of the pending litigation or their right to opt out, and thus appears misleading and coercive. Does Little Caesar's intend to rely on the DRA to require putative class members to arbitrate the claims in this litigation? If not, is further motions practice still necessary as to the DRA?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear. The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: December 12, 2024

                                                              _____
                                                              RITA F. LIN
                                                              United States District Judge