LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich (SBN 186670)
Mark@Yablonovichlaw.com
Monica Balderrama (SBN 196424)
Monica@Yablonovichlaw.com
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-2511
Telephone: (310) 286-0246 • Fax: (310) 407-5391

CAPSTONE LAW APC
Bevin Allen Pike (SBN 221936)
Bevin.Pike@capstonelawyers.com
Daniel Jonathan (SBN 262209)
Daniel.Jonathan@capstonelawyers.com
Trisha K. Monesi (SBN 303512)
Trisha.Monesi@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811 • Fax: (310) 943-0396

Attorneys for Plaintiffs Jose Cuevas, Dora Meza de Castillo, and
Gloria Hernandez on behalf of themselves, all others similarly situated, and on behalf of the
general public

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CUEVAS, DORA MEZA DE CASTILLO, and GLORIA HERNANDEZ on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>       Plaintiffs,<br><br>    vs.<br><br>LITTLE CAESAR ENTERPRISES, INC.; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: 3:23-cv-03166-RFL<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br>(1) Violations of California Labor Code §§ 510 and 1198 (Unpaid Overtime Wages);<br>(2) Violations of Labor Code §§ 223, 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(3) Violations of California Labor Code §§ 226.7 512(a), and 1198 (Failure to Provide and Properly Record Meal Periods and Pay Premiums);<br>(4) Violation of California Labor Code §§ 226.7 and 1198 (Failure to Provide Rest Periods and Pay Premiums);<br>(5) Violations of California Labor Code § 204 (Failure to Timely Pay During Employment);<br>(6) Violations of California Labor Code §§ 201, 202, 203 (Failure to Timely Pay Upon Termination);<br>(7) Violations of California Labor Code §§ 226(a) and 1198 (Non-compliant Wage Statements);<br>(8) Violations of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(9) Violations of California Labor Code §§ 233, 246, and 246.5 (Failure to Pay Sick Leave);<br>(10) Violations of California Labor Code § 223 (Secret Underpayment of Wages); and,<br>(11) Violation of California Business & Professions Code §§ 17200, et seq. (Unfair Competition and Business Practices)<br>**Jury Trial Demanded** |

*Sidebar (vertical text):* LAW OFFICES OF **MARK YABLONOVICH** BEVERLY HILLS

Plaintiffs Jose Cuevas, Dora Meza de Castillo, and Gloria Hernandez ("Plaintiffs"), individually and on behalf of others similarly situated, seek recovery of unpaid wages, plus interest and an assessment of applicable penalties for themselves and all persons who were employed by Defendant Little Caesar Enterprises, Inc. and/or DOES 1 through 10, inclusive ("Defendant") as non-exempt employees within the State of California anytime during the relevant statute of limitations:

### JURISDICTION AND VENUE

1.      This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits and will be established according to proof at trial.

2.      This Court has jurisdiction over Defendant because Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.      This Court has found it has jurisdiction over the matter.

4.      Venue is proper in this county because, upon information and belief, Defendant transacts business, or has offices in this county and the acts or omissions alleged in this complaint took place in this county. Venue is also proper in this county because Defendant employs persons in this county and employed Plaintiff Cuevas in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county.

### THE PARTIES

5.      Plaintiff Jose Cuevas ("Plaintiff Cuevas") is a resident of Santa Clara County, California. Defendant employed Plaintiff Cuevas from approximately June 15, 2006, to approximately November 5, 2019, as a non-exempt, hourly-paid employee for Defendant in California. Plaintiff Cuevas worked as a paid Crew Member/Cook, and sometimes operated the cash register. Plaintiff Cuevas typically worked at least five hours per day, five to six days per week, and twenty-five to thirty hours or more per week. Occasionally, Plaintiff Cuevas worked

eight-hour shifts and more than forty-hour weeks. Plaintiff Cuevas's job duties included duties such as preparing food, ringing up sales, cleaning, sweeping, and performing other duties as assigned.

6.      Plaintiff Dora Meza de Castillo ("Plaintiff Castillo") is a resident of Los Angeles County, California. Defendant has employed Plaintiff Castillo from approximately November of 2010 to the present, as a non-exempt, hourly-paid employee for Defendant in California. Plaintiff Castillo has worked as a non-exempt manager. Plaintiff Castillo has typically worked over 8 hours per day, often more than ten hours a day, at least five hours per day, five to six days per week, and over forty hours per week. Plaintiff Castillo's job duties have included duties such as opening the store, closing the store, preparing food, ringing up sales, cleaning, sweeping, and performing other duties as assigned.

7.      Plaintiff Gloria Hernandez ("Plaintiff Hernandez") is a resident of Los Angeles County, California. Defendant employed Plaintiff Hernandez from approximately November of 2019 to November 24, 2024, as a non-exempt, hourly-paid employee for Defendant in California. Plaintiff Hernandez worked as a non-exempt crew member. Plaintiff Hernandez typically worked 10 to 15 hours per week, 4 to 5 hours per day, about 2 to 3 days per week. She worked at the store located in Norwalk, California. Plaintiff Hernandez's job duties included duties such as preparing food, ringing up sales, cleaning, sweeping, and performing other duties as assigned.

8.      Plaintiffs are informed and believe, and allege, that Defendant Little Caesar Enterprises, Inc., is doing business in California, and at all times mentioned, an employer whose employees are engaged throughout this county and the State of California.

9.      Plaintiffs are unaware of the true names or capacities of the Defendant sued in this complaint under the fictitious names DOES 1 through 10 and will seek leave of this Court to amend the complaint and serve such fictitiously named defendants once their names and capacities become known. Plaintiffs are informed and believe, and allege, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers, or employees of the other named Defendant, and that each and all of the acts and omissions alleged in this complaint were performed by, or is attributable to, Defendant each acting as the agent, employee, alter ego, joint

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

employer, and/or joint venturer of, or working in concert with, each of the other co-Defendant and was acting within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendant.

10.    At all relevant times, Defendant ratified each and every act or omission complained of in this Complaint. At all relevant times, Defendant aided and abetted the acts and omissions of Defendant in proximately causing the damages and violations alleged in this Complaint.

11.    Plaintiffs are informed and believe, and allege, that the Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged in this Complaint.

## CLASS ALLEGATIONS

12.    Plaintiffs bring this action on their own behalf, as well as on behalf of all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure section 382.

13.    All claims alleged in this Complaint arise under California law for which Plaintiffs seek relief authorized by California law.

14.    Plaintiffs' proposed class consists of and is defined as follows:

> All persons currently or formerly employed by Defendant, as hourly non-exempt employees within the State of California during the Class Period (the "Class").

15.    Members of the Class will be referred to as "Class Members." Plaintiffs reserve the right to redefine the Class and to add subclasses as appropriate based on further investigation, and discovery.

16.    This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

17.    The exact number of class members is presently unknown, but on information and belief there are hundreds of hourly non-exempt employees working for Defendant across

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

California, thus it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

18.    Plaintiffs' claims are typical of those of the class members because Plaintiffs suffered the violations set forth in this complaint.

19.    Plaintiffs will adequately protect the interests of the class members. Plaintiffs have no interests that are adverse to or conflict with class members and are committed to the vigorous prosecution of this action. To that end, Plaintiffs have retained counsel competent and experienced in handling class actions on behalf of employees.

20.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

21.    There are common questions of law and fact as to Class Members that predominate over questions only affecting individual class members including, but not limited to:

(a)    Whether Defendant required Plaintiffs and Class Members to work off-the-clock without compensation;

(b)    Whether Defendant failed and/or refused to pay Plaintiffs and Class Members all wages due based on all hours worked that were recorded;

(c)    Whether Defendant required Plaintiffs and Class Members to work over eight hours a day, over 12 hours per day, and/or over 40 hours per week and failed to pay them legally required overtime compensation;

(d)    Whether Defendant failed or refused to pay Plaintiffs and Class Members who worked overtime with the correct regular rate of pay;

(e)    Whether Defendant failed to pay Plaintiffs and Class Members at least

SECOND AMENDED CLASS ACTION COMPLAINT

1    minimum wages for all hours worked;

2    (f)    Whether Defendant failed to provide Plaintiffs and Class Members meal

3    periods or required Plaintiffs and Class Members to work during meal

4    periods without compensation;

5    (g)    Whether Defendant failed to authorize and permit Plaintiffs and Class

6    Members rest periods or required Plaintiffs and Class Members to work

7    during rest periods;

8    (h)    Whether Defendant failed to pay Plaintiffs and Class Members one

9    additional hour of pay at Plaintiffs' and Class Members' regular rate of

10    compensation for each workday that a meal period and/or a rest period

11    was not provided;

12    (i)    Whether Defendant failed and or refused to pay Plaintiffs and Class

13    Members who were paid a meal period or rest period premium at the

14    correct regular rate of compensation;

15    (j)    Whether Defendant failed or refused to pay Plaintiffs and Class Members

16    sick pay at the correct regular rate of pay;

17    (k)    Whether Defendant failed or refused to provide Plaintiffs and Class

18    Members with written notice that sets forth the amount of paid sick leave

19    and/or supplemental sick leave available, or paid time off leave provided

20    in lieu of sick leave, for use on either Plaintiffs' and Class Members'

21    itemized wage statements or in separate writings provided on the

22    designated pay dates with the employees' payments of wages;

23    (l)    Whether Defendant provided Plaintiffs and Class Members with complete

24    and accurate wage statements as required by California Labor Code

25    section 226(a);

26    (m)    Whether Defendant maintained accurate payroll records as required by

27    California Labor Code section 1174(d);

28    (n)    Whether Defendant complied with their wage reporting and time record

SECOND AMENDED CLASS ACTION COMPLAINT

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

MARK YABLONOVICH
LAW OFFICES OF
BEVERLY HILLS

1  keeping obligations under Labor Code sections 226(a), 1174(d) and 1198;

2  (o)  Whether Defendant failed to pay overtime wages, minimum wages, meal

3  period and rest period premiums due to Plaintiffs and Class Members

4  during their employment;

5  (p)  Whether Defendant failed to timely pay overtime wages, minimum

6  wages, meal period and rest period premiums, and/or wages for all hours

7  worked due to Plaintiffs and Class Members upon during their

8  employment;

9  (q)  Whether Defendant failed to pay overtime wages, minimum wages, meal

10  period and rest period premiums, and/or wages for all hours worked due

11  to Plaintiffs Cuevas and Hernandez and Class Members upon termination

12  of their employment;

13  (r)  Whether Defendant failed to reimburse Plaintiffs and Class Members for

14  reasonable and necessary business expenses in violation of Labor Code

15  sections 2800 and 2802;

16  (s)  Whether Defendant engaged in unfair business practices in violation of

17  California Business and Professions Code sections 17200 et seq.; and

18  (t)  The appropriate amount of damages, unpaid wages, restitution, penalties

19  and or attorneys' fees and costs Defendant is obligated to pay because of

20  its violations of California law.

21  (u)  Whether Defendant's conduct was willful or reckless.

22  **GENERAL ALLEGATIONS**

23  22.  Plaintiffs are informed and believe that Defendant is a multinational restaurant

24  chain that produces and transports food products to its restaurants, where it prepares, cooks, and

25  delivers pizza, bread, chicken wings and other products compatible with pizza. The company

26  has stores in all 50 states and 18 international markets. Defendant services franchises and

27  operates its own pizza restaurants. Defendant currently operates approximately 203 of its own

28  restaurants in California.

SECOND AMENDED CLASS ACTION COMPLAINT

23.     Upon information and belief, Defendant maintains a centralized Human Resources department for all non-exempt, hourly-paid employees working for Defendant in California, including Plaintiffs and Class Members. At all relevant times, Defendant issued and maintained uniform standardized practices and procedures for all non-exempt, hourly-paid employees in California, including Plaintiffs and Class Members, regardless of their location or position.

24.     Upon information and belief, Defendant processes payroll for all non-exempt, hourly-paid employees working for Defendant in California, including Plaintiffs and Class Members. Further, Defendant issues the same uniform and formatted wage statements to all non-exempt, hourly-paid employees in California, irrespective of their work location, position, or manner in which each employee's employment ended. Defendant's payroll department processed payroll for non-exempt, hourly-paid employees in the same manner throughout California. In other words, Defendant utilized the same methods and formulas when calculating wages and any other remunerations due to Plaintiffs and Class Members in California.

25.     Defendant continues to employ non-exempt, hourly-paid employees in California.

26.     Plaintiffs are informed and believe, and allege, that at all times mentioned, Defendant was advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California labor and wage law, employment, and personnel practices, and about the requirements of California law.

27.     Plaintiffs are informed and believe, and allege, that Plaintiffs and Class Members were not fully compensated because, among other reasons, all hours worked may not have been recorded, may have been rounded, and/or because Defendant did not always pay for all hours worked.

28.     Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive certain wages for overtime compensation and that they were not receiving overtime wages at the correct overtime rate and/or for work that was required to be performed. Defendant has failed to compensate

Plaintiffs and Class Members with all required overtime pay and/or at the correct rate of overtime pay.

29.    Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive at least minimum wages for all hours worked. In violation of the California Labor Code, Plaintiffs and Class Members were not paid at least minimum wages for all work performed.

30.    Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to meal periods in accordance with the Labor Codes and applicable Industrial Welfare Commission ("IWC") Wage Order; that Plaintiffs and Class Members were entitled to payment of one additional hour of pay at their regular rates of compensation when they were not provided timely, uninterrupted, thirty-minute meal periods; and that Plaintiffs and Class Members were not provided with all meal periods or payments of one additional hour of pay at their regular rates of compensation when they did not receive a full, timely, uninterrupted thirty-minute meal period.

31.    Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order; that Plaintiffs and Class Members were entitled to payment of one additional hour of pay at their regular rates of compensation when they were not provided with a compliant rest period; and that Plaintiffs and Class Members were not provided compliant rest periods or payment of one additional hour of pay at their regular rates of compensation when they were not provided a compliant rest period.

32.    Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to receive sick pay; that Defendant has failed to compensate Plaintiffs and Class Members with all required sick pay and/or the correct rate of sick pay; and Defendant failed to provide Plaintiffs and Class Members with written notice that sets forth the amount of paid sick leave and/or supplemental sick leave available, or paid time off leave provided in lieu of sick leave, for use on either Plaintiffs' and Class Members' itemized wage statements or in separate writings provided on the designated

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

1    pay dates with Plaintiffs and Class Members' payments of wages.

2        33.    Plaintiffs are informed and believe, and allege, Defendant's policies and

3    practices resulted in the payment of less than statutorily required wages to Plaintiffs and Class

4    Members. Defendant acted with the intent to deprive Plaintiffs and Class Members of statutory

5    wages, including, but not limited to, overtime wages, minimum wages, sick pay, and meal

6    period and rest period premium wages, to which they were entitled to under California law.

7        34.    Plaintiffs are informed and believe, and allege, that Defendant knew or should

8    have known that Plaintiffs and Class Members were entitled to receive complete and accurate

9    wage statements in accordance with California law. In violation of the California Labor Code,

10    Plaintiffs and Class Members were not provided complete and accurate wage statements.

11        35.    Plaintiffs are informed and believe, and allege, that Defendant knew or should

12    have known that Defendant had a duty to maintain accurate and complete payroll records in

13    accordance with the Labor Code and applicable IWC Wage Order but failed to do so.

14        36.    Plaintiffs are informed and believe, and allege, that Defendant knew or should

15    have known that Defendant had a duty to maintain accurate and complete time records in

16    accordance with the Labor Code and applicable IWC Wage Order but failed to do so.

17        37.    Plaintiffs are informed and believe, and allege, that Defendant knew or should

18    have known that Plaintiffs and Class Members were entitled to the timely payment of wages

19    during their employment. In violation of the California Labor Code, Plaintiffs and Class

20    Members did not receive payment of all wages, including, but not limited to, overtime wages,

21    and minimum wages, and meal period and rest period premium wages, within permissible time

22    periods.

23        38.    Plaintiffs are informed and believe, and allege, that Defendant knew or should

24    have known that Plaintiffs and Class Members were entitled to timely payment of all wages

25    earned upon termination of employment. In violation of the California Labor Code, Plaintiffs

26    and Class Members did not receive payment of all wages due, including, but not limited to,

27    overtime wages, minimum wages, and meal period and rest period premium wages, within

28    permissible time periods.

SECOND AMENDED CLASS ACTION COMPLAINT

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

39.     Plaintiffs are informed and believe, and allege, that Defendant knew or should have known that Plaintiffs and Class Members were entitled to reimbursement for all business-related expenditures and/or losses they incurred during the course and scope of their employment, and that they did not receive reimbursement of business-related expenditures and/or losses they incurred.

40.     Plaintiffs are informed and believe, and allege, that at all times mentioned, Defendant knew or should have known that they had a duty to compensate Plaintiffs and Class Members for all hours worked, and that Defendant had the financial ability to pay such compensation, but failed to do so, and falsely represented to Plaintiffs and Class Members that they were properly denied wages, all in order to increase Defendant's profits.

<u>**FIRST CAUSE OF ACTION**</u>

**UNPAID OVERTIME WAGES IN**

**VIOLATION OF LABOR CODE SECTIONS 510 AND 1198**

41.     Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

42.     California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable IWC Wage Order. Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

43.     California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

44.     Specifically, the applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiffs and Class Members working more than eight hours in a day and more than forty hours in a workweek, at the rate of time and one-half for all hours worked in excess of eight hours in a day and more than forty hours in a workweek.

45.    The applicable IWC Wage Order further provides that Defendant is and was required to pay Plaintiffs and Class Members working more than twelve hours in a day, overtime compensation at a rate of two times their regular rate of pay, and required to pay Plaintiffs and Class Members at a rate of two times their regular rate of pay for hours worked in excess of eight hours on the seventh consecutive day of a work in a workweek.

46.    An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, such as non-discretionary bonuses, shift differentials, and/or other incentive pay.

47.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half times the regular rate of pay for hours worked in excess of eight hours in a day and forty hours in a week or for the first eight hours worked on the seventh day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve hours in a day or in excess of eight hours in a day on the seventh day of work.

48.    At all relevant times, Defendant failed to pay all overtime wages owed to Plaintiffs and other Class Members. During the relevant time period, Plaintiffs and other Class Members were not properly paid overtime wages for all of the hours they worked in excess of eight hours in a day, in excess of twelve hours in a day, in excess of forty hours in a week, and/or for the seventh consecutive day of work, sometimes because all hours that they worked were not recorded, and other times because they were simply not paid for all hours that were recorded and/or worked.

49.    Upon information and belief, as a result of Defendant's policies, practices and/or procedures, Plaintiffs and Class Members were at times performing their assigned duties off-the-clock (and/or unrecorded), were subject to control of Defendant, and/or were suffered or permitted to perform work for which they were not paid.

50.    Upon information and belief, Defendant has a company-wide policy and/or practice of staffing their restaurants based on labor budgets set by the corporate office and/or upper management. The labor budgets included maximum number of labor hours to be used based on revenue generated by the restaurant. Defendant's use of labor budgets resulted in

SECOND AMENDED CLASS ACTION COMPLAINT

chronic understaffing, such that there were too few employees on duty to handle the workload and provide uninterrupted meal periods. As a result of Defendant's systemic utilization of labor budgets and preference for profitability over compliance with labor laws, Plaintiffs and other Class Members were not provided adequate meal break coverage to allow them to be relieved of their duties for compliant meal breaks and/or were required to perform pre-shift and/or post-shift work while off-the-clock. Thus, Plaintiffs and other Class Members would have to continue with their duties, such as preparing food and cleaning, after clocking out for meal periods and after the end of their shifts. This would result in Plaintiffs and other Class Members working while off-the-clock during and/or after their scheduled shifts for fifteen to twenty minutes or longer, on a regular basis. Defendant would not always permit Plaintiffs and other Class Members to adjust their punch-in or punch-out times so that they could account for and be compensated for this off-the-clock work.

51.    Additionally, Defendant has a company-wide policy and/or practice of communicating with employees regarding work-related matters as well as directing employees to continue working and/or return to work during the employees' meal periods and when those employees are otherwise clocked out. As a result of this policy and/or practice, Plaintiffs and other Class Members performed work while off-the-clock. Defendant would not always permit Plaintiffs and other Class Members to adjust their punch-in or punch-out times so that they could account for and be compensated for this off-the-clock work.

52.    Defendant also has a company-wide policy and/or practice of requiring their employees to clock out and then wait for a manager or supervisor to release them from the restaurant at the end of closing shifts. As a result of this closing shift policy and/or practice, Plaintiffs and other Class Members remained under the control of Defendant even though they were clocked out. Moreover, Defendant has a company-wide policy and/or practice that requires its employees who work closing shifts to clock out at the end of their scheduled shift. However, sometimes the restaurant would be busy until the restaurant closed, and Plaintiffs and other Class Members would not be able to perform their closing shift duties until after the end of their scheduled shift. This would result in Plaintiffs and other Class Members working while off-the-

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

1    clock.

2    53.    Defendant knew or should have known that, as a result of its policies, practices

3    and/or procedures, Plaintiffs and other Class Members were at times performing their assigned

4    duties off-the-clock, were subject to control of Defendant, and/or were suffered or permitted to

5    perform work for which they were not paid. Defendant also knew, or should have known, that it

6    did not compensate Plaintiffs and other Class Members for off-the-clock work or all hours

7    worked. Because Plaintiffs and other Class Members sometimes worked shifts longer than eight

8    hours a day, more than forty hours a week, and/or seven consecutive days, some of the off-the-

9    clock work qualified for overtime premium pay. At other times, Defendant simply did not pay

10   for all the hours that were recorded. Therefore, Plaintiffs and other Class Members were not

11   paid overtime wages for all of the overtime hours they actually worked.

12   54.    Defendant's failure to pay Plaintiffs and other Class Members all overtime

13   compensation owed, as required by California law, violates the provisions of California Labor

14   Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiffs and

15   class members are entitled to recover their unpaid overtime compensation, as well as interest,

16   costs, attorneys' fees and interest pursuant to Labor Code sections 218.5, 558, and 1194.

**SECOND CAUSE OF ACTION**

**UNPAID MINIMUM WAGES IN**

**VIOLATION OF LABOR CODE SECTIONS 223, 1182.12, 1194, 1197, 1197.1, AND 1198**

20   55.    Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every

21   allegation set forth above and below.

22   56.    California Labor Code sections 223, 1182.12, 1194, 1197, 1197.1, 1198, and the

23   applicable Wage Order require employers to pay employees the minimum wage fixed by the

24   IWC. The payment of a lesser wage than the minimum so fixed is unlawful. Compensable work

25   time is defined by the applicable Wage Order as "the time during which an employee is subject

26   to the control of an employer, and includes all the time the employee is suffered or permitted to

27   work, whether or not required to do so." Cal. Code Regs. tit. 8, § 11050, subd. 2(K) (defining

28   "Hours Worked"). Labor Code section 224 prohibits any deduction from an employee's wages

1    which is not authorized by the employer in writing or permitted by law.

2        57.    As set forth above, Plaintiffs are informed and believe, and allege, that

3    Defendant's policy and/or practice of staffing its locations based on labor budgets set by the

4    corporate office resulted in chronic understaffing, causing a lack of meal break coverage and

5    leading employees to perform off-the-clock work pre-shift, post-shift and/or during their meal

6    breaks. Moreover, Defendant's policy or practice of communicating with employees regarding

7    work-related matters as well as directing employees to continue working and/or return to work

8    during meal periods and when those employees are otherwise clocked out resulted in employees

9    performing unpaid work. Defendant did not pay minimum wages for these off-the-clock hours

10   that Plaintiffs and other Class Members worked, including but not limited to before and after

11   shifts as well as during meal periods.

12       58.    Additionally, Defendant's closing shift policies and/or practices of requiring their

13   employees wait off-the-clock for the manager or supervisor to eventually release them from the

14   premises as well as requiring their employees to clock out at the end of the scheduled shift

15   regardless of whether they were still working resulted in off-the-clock time in which Plaintiffs

16   and other Class Members remained subject to the control of Defendant.

17       59.    At all relevant times, California Labor Code section 223 makes it unlawful for an

18   employer to secretly pay wages lower than required by statute or contract while purporting to

19   pay legal wages. Defendant's policies and practices resulted in the payment of less than

20   statutorily required wages to Plaintiffs and Class Members. Defendant acted with the intent to

21   deprive Plaintiffs and Class Members of statutory wages, including, but not limited to, overtime

22   wages, minimum wages, and meal period and rest period premium wages, to which they were

23   entitled to under California law.

24       60.    Defendant systematically did not pay Plaintiffs and other Class Members all

25   hours worked. To the extent that the off-the-clock work and/or recorded hours did not qualify

26   for overtime premium payment, Defendant did not pay at least minimum wages for those hours

27   worked off-the-clock or that were recorded but not paid in violation of Labor Code sections 223,

28   1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Wage Order. Plaintiffs and

1    other Class Members are entitled to recover unpaid wages, as well as liquidated damages in an

2    amount equal to the wages unlawfully unpaid and interest.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE AND PROPERLY RECORD MEAL PERIODS AND PAY**

**PREMIUMS IN VIOLATION OF LABOR CODE SECTIONS 226.7, 512(a), AND 1198**

6    61.    Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every

7    allegation set forth above and below.

8    62.    At all relevant times set forth, the applicable IWC Wage Order and California

9    Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs and Class Members'

10   employment by Defendant.

11   63.    At all relevant times set forth, Labor Code sections 226.7, 512(a), 1198, and the

12   applicable Wage Order require employers to provide meal periods and to pay employees one

13   additional hour of pay at the employee's regular rate of compensation for each workday that a

14   meal period (or rest period) is not provided. Pursuant to Labor Code sections 226.7 and 512(a)

15   and the applicable Wage Order, an employer may not require, cause or permit an employee to

16   work for a period of more than five hours per day without providing the employee with an

17   uninterrupted duty-free and control-free meal period of not less than thirty minutes, except that

18   if the total work period per day of the employee is not more than six hours, the meal period may

19   be waived by mutual consent of both the employer and the employee. Under California law, first

20   meal periods must start no later than the end of an employee's fifth hour of work. *See Brinker*

21   *Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1041-1042 (2012); *see also* Cal. Code Regs. tit. 8, §

22   11050, subd. 11. Labor Code sections 226.7 and 512(a) also require employers to provide a

23   second meal period of not less than thirty minutes if an employee works over ten hours in a day,

24   except that if the total hours worked is no more than twelve hours, the second meal period may

25   be waived by mutual consent of the employer and the employee only if the first meal period was

26   taken, and if not provided, to also pay an employee one additional hour of pay at the employee's

27   regular rate of compensation.

28   64.    At all times herein mentioned, Defendant knew or should have known that as a

result of these policies and/or practices, Plaintiffs and other Class Members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods and that they did not receive timely meal periods. As a result, Plaintiffs and other Class Members had to work through all or part of their meal periods, have their meal periods interrupted, and/or wait extended periods of time before taking meal periods.

65.    At all relevant times, Defendant has not provided Plaintiffs and Class Members an opportunity to take first or second meal periods and, further, took no efforts to relieve them of all of their duties such that Plaintiffs and Class Members could take compliant meal periods. Plaintiffs and Class Members have frequently not been permitted to take timely compliant meal periods. On information and belief, Defendant has failed to provide compliant meal periods and as a matter of policy and practice, Defendant has not provided Plaintiffs and Class Members with full thirty-minute meal periods for each day worked where they are free from Defendant's required duties and control. Defendant have subjected Plaintiffs and Class Members to control and demanding duties throughout their workday, even during times which should constitute uninterrupted duty-free meal periods. Defendant has encouraged and required Plaintiffs and Class Members to stay working and/or remain under employer control. Furthermore, Plaintiffs and the Class Members have also not been provided timely meal periods. For instance, all the time Plaintiffs and Class Members have worked off-the-clock pre-shift has not been accounted for and has resulted in meal periods being provided, if at all, after the end of the fifth hour of work.

66.    At all relevant times, Defendant knew or should have known that, as a result of their practices and policies, Plaintiffs and other Class Members have been required to perform some of their assigned duties during meal periods and that Defendant did not pay Plaintiffs and other Class Members meal period premium wages when meal periods were late, interrupted, and/or missed. As a result, Plaintiffs and other Class Members had to work through some or all of their meal periods, had their meal periods interrupted to return to work, and/or waited extended periods of time, over five hours, before taking meal periods. In fact, Plaintiffs and Class Members were not properly or clearly instructed as when their meal periods should be

taken when they worked eligible shifts.

67. Defendant had, and continues to have, a company-wide policy and/or practice of labor budgeting and/or limited payroll resulting in understaffing while assigning heavy workloads, and failing to schedule meal periods and/or adhere to a schedule for meal periods, which has resulted in a lack of meal period coverage. As a result, Plaintiffs and Class Members had to work through all or part of their meal periods and/or had their meal periods interrupted, which prevented Plaintiffs and Class Members from taking all timely, uninterrupted meal periods to which they were entitled. For example, because of Defendant's policy and/or practice of understaffing while assigning heavy workloads, Plaintiffs missed their meal periods entirely.

68. Moreover, upon information and belief, Defendant engaged in a systematic, company-wide policy and/or practice of not properly training Plaintiffs and other Class Members on their entitlement to meal period premium payments resulting from meal period violations. As such, Plaintiffs were unaware of when meal period premiums were owed to them. Accordingly, Plaintiffs and other Class Members did not receive all meal period premium wages owed when compliant meal periods were not provided. To the extent that Defendant did pay meal period premium wages to Class Members, such payments were admissions of their failure to provide meal periods. Furthermore, based upon information and belief, to the extent employees received non-discretionary remuneration, Defendant's regular rate of compensation for calculating meal period premiums did not include all required remunerations or the correct calculation and resulted in an underpayment of meal period premium wages.

69. Accordingly, Defendant failed to provide all meal periods and/or pay all meal period premiums in violation of Labor Code sections 226.7, 512, and 1198 and applicable IWC Wage Order. Plaintiffs and other Class Members are therefore entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

LAW OFFICES OF

**MARK YABLONOVICH**

BEVERLY HILLS

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS AND PAY PREMIUMS IN**

**VIOLATION OF LABOR CODE SECTIONS 226.7 AND 1198**

70.     Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

71.     At all relevant times, California Labor Code sections 226.7, 1198, and the IWC Wage Order were applicable to Plaintiffs' and Class Members' employment by Defendant.

72.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable IWC Wage Order. The applicable Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours. Cal. Code Regs. tit. 8, § 11050, subd. 12. To comply with its obligation to provide rest periods under California Labor Code section 226.7 and the applicable Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016). California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

73.     Upon information and belief, during the relevant time period, Defendant's company-wide policy and practice of understaffing their establishments resulted in a lack of break coverage, which prevented Plaintiffs and other Class Members from being relieved of all duty in order to take compliant rest periods.

74.     Moreover, upon information and belief, Defendant also engaged in a systematic, company-wide practice and/or policy of not paying rest period premiums owed when rest periods are not provided. Additionally, Defendant paid rest period premiums at the incorrect

1    rates. Because Defendant did not properly calculate Plaintiffs' and other Class Members'

2    regular rates of compensation by including all remunerations, such as nondiscretionary bonuses

3    and incentive pay, any premiums paid for rest period violations were also paid at an incorrect

4    rate and resulted in an underpayment of rest period premium wages. Thus, Defendant denied

5    Plaintiffs and other Class Members rest periods and failed to pay them rest period premium

6    wages due, in violation of Labor Code section 226.7 and the applicable IWC Wage Order.

7        75.    Defendant's policies and/or practices have prevented Plaintiffs and Class

8    Members from being relieved of all duty to take compliant rest periods. As a result, Plaintiffs

9    and Class Members have frequently worked shifts equal to and in excess of 3½ hours, in excess

10    of 6 hours, in excess of 10 hours, in excess of 14 or more hours, without receiving all

11    uninterrupted net ten-minute rest periods to which they have been entitled. Defendant has

12    subjected Plaintiffs and Class Members to control and demanding duties throughout their

13    workday, even during times which should constitute uninterrupted duty-free rest periods.

14    Defendant has encouraged and required employees to stay working and/or remain under

15    employer control. Furthermore, Plaintiffs and Class Members have also not been provided full

16    and timely rest periods.

17        76.    As with meal periods, Defendant's policies and/or practices prevented Plaintiffs

18    and other Class Members from being relieved of all duties to take compliant rest periods. As a

19    result, Plaintiffs and other Class Members would frequently work shifts in excess of three and

20    one-half hours, in excess of six hours, and/or in excess of ten hours without receiving all

21    uninterrupted ten-minute rest periods to which they were entitled. Plaintiffs were not able to

22    take rest periods due to the pressure Defendant placed on them to meet workload demands, as

23    well as a lack of break coverage. In fact, Defendant failed to provide employees working exactly

24    3.5 hour shifts, an eligible shift, with rest periods.

25        77.    To the extent that Defendant did pay rest period premium wages to Plaintiffs and

26    other Class Members, such payments are admissions of Defendant's failure to provide rest

27    periods.

28        78.    Accordingly, Defendant failed to provide all rest periods and/or pay all rest

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

period premiums in violation of Labor Code sections 226.7, and 1198 and the applicable IWC Wage Order. Plaintiffs and other Class Members are therefore entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each workday that a compliant rest period was not authorized and permitted.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DURING EMPLOYMENT
### VIOLATIONS OF LABOR CODE SECTION 204

79.     Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

80.     At all times relevant, California Labor Code section 204 provides that all wages earned by any person in any employment between the first and the fifteenth days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth and the twenty-sixth day of the month during which the labor was performed.

81.     At all times relevant herein, Labor Code section 204 provides that all wages earned by any person in any employment between the sixteenth and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first and the tenth day of the following month.

82.     At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

83.     At all relevant times herein, Defendant failed to pay Plaintiffs and other Class Members all wages due to them, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premium wages, within any time period specified by Labor Code section 204.

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

84.     Defendant's failure to pay Plaintiffs and Class Members all wages due violates Labor Code section 204. Plaintiffs and Class Members are therefore entitled to recover from Defendant the statutory penalty wages pursuant to California Labor Code section 210.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON TERMINATION IN

### VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

85.     Plaintiffs Cuevas and Hernandez incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

86.     At all times relevant, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

87.     During the relevant time period, on information and belief, Defendant failed to pay Plaintiffs Cuevas and Hernandez and other Class Members who are no longer employed by Defendant all their earned wages at the time of discharge or within seventy-two hours of their leaving Defendant's employ, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages in violation of California Labor Code sections 201 and 202.

88.     Plaintiffs Cuevas and Hernandez and Class Members are therefore entitled to recover from Defendant the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203, and attorneys' fees, costs, and interest.

## SEVENTH CAUSE OF ACTION

### NON-COMPLIANT WAGE STATEMENTS IN

### VIOLATION OF LABOR CODE SECTIONS 226(a) AND 1198

89.     Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every

1    allegation set forth above and below.

2        90.    At all relevant times, California Labor Code section 226(a) provides that every

3    employer shall furnish each of his or her employees an accurate and complete itemized wage

4    statement in writing, including, but not limited to, the name and address of the legal entity that

5    is the employer, the inclusive dates of the pay period, total hours worked, and all applicable

6    rates of pay.

7        91.    Defendant has provided Plaintiffs and other Class Members with incomplete and

8    inaccurate wage statements. Specifically, Defendant violated, among others, Sections 226(a)(1),

9    226(a)(2), 226(a)(5), and 226(a)(9). Because Defendant did not record all the hours Plaintiffs

10   and other Class Members worked while off-the-clock and did not pay all hours recorded,

11   Defendant did not list the correct amount of gross wages earned by Plaintiffs and other Class

12   Members in compliance with Section 226(a)(1). Similarly, Defendant failed to list the correct

13   amount of net wages earned by Plaintiffs and other Class Members in violation of Section

14   226(a)(5). Defendant also failed to accurately list the total hours worked by Plaintiffs and other

15   Class Members for work performed while off-the-clock in violation of Section 226(a)(2) and the

16   applicable hourly rates in effect during the pay period and the corresponding number of hours

17   worked in violation of Section 226(a)(9). Additionally, because Defendant did not calculate

18   other Class Members' regular rate of pay correctly for purposes of paying overtime and/or

19   premium wages, it did not list the correct amount of gross wages and net wages earned by other

20   Class Members in compliance with Sections 226(a)(1) and (5). Defendant also failed to

21   correctly list all applicable hourly rates in effect during the pay period, namely, correct overtime

22   rates of pay and correct rates of pay for meal and rest premium wages, in violation of Section

23   226(a)(9). Furthermore, because Defendant failed to pay all meal period and rest period

24   premiums to Plaintiffs and other Class Members, Defendant did not list the correct amount of

25   gross wages earned by Plaintiffs and other Class Members in compliance with Section

26   226(a)(1). For the same reason, Defendant failed to list the correct amount of net wages earned

27   by Plaintiffs and other Class Members in violation of Section 226(a)(5).

28       92.    At all relevant times, Defendant has knowingly and intentionally provided

MARK YABLONOVICH

LAW OFFICES OF

BEVERLY HILLS

Plaintiffs and Class Members with uniform, incomplete, and inaccurate wage statements. For example, Defendant issued uniform wage statements to Plaintiffs and Class Members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages, and the corresponding number of hours worked at each hourly rate. Specifically, Defendant violated sections 226(a)(1), 226(a)(2), 226(a)(5), 226(a)(8), and 226(a)(9).

93.    Because Defendant did not record the time Plaintiffs and Class Members spent working off-the-clock and deducted time from their records for meal periods that were interrupted and/or missed (and therefore time for which they should have been paid), Defendant did not list the correct amount of gross wages and net wages earned by Plaintiffs and Class Members in compliance with sections 226(a)(1) and 226(a)(5). For the same reason, Defendant failed to accurately list the total number of hours worked by Plaintiffs and Class Members, in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate, in violation of section 226(a)(9).

94.    California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. . . ." At all relevant times, and in violation of Labor Code section 1174(d), Defendant willfully failed to maintain accurate payroll records for Plaintiffs and Class Members showing the daily hours they worked and the wages paid as a result of failing to record the off-the-clock hours that they worked.

95.    California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order. Section 1198 further provides that "[t]he employment

1  of any employees for longer hours than those fixed by the order or under conditions of labor

2  prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers

3  are required to keep accurate time records showing when the employee begins and ends each

4  work period and meal period. During the relevant time period, Defendant engaged in company-

5  wide practices and/or policies of failing to record actual hours worked, and thereby failed to

6  keep accurate records of work period and/or meal period start and stop times for Plaintiffs and

7  Class Members, in violation of section 1198.

8        96.     Plaintiffs and Class Members are entitled to recover from Defendant the greater

9  of their actual damages caused by Defendant's failure to comply with California Labor Code

10  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

11  employee.

## EIGHTH CAUSE OF ACTION

### UNREIMBURSED BUSINESS EXPENSES IN

### VIOLATION OF LABOR CODE SECTIONS 2800 AND 2802

15        97.     Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every

16  allegation set forth above and below.

17        98.     At all relevant times, Labor Code section 2802 requires employers to pay for all

18  necessary expenditures and losses incurred by the employee in the performance of their job. The

19  purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing

20  business and operating expenses on to their employees. *Cochran v. Schwan's Home Serv., Inc.*,

21  228 Cal. App. 4th 1137, 1144 (2014). Wage Order No. 5 provides that: "[w]hen tools or

22  equipment are required by the employer or are necessary to the performance of a job, such tools

23  and equipment shall be provided and maintained by the employer, except that an employee

24  whose wages are at least two (2) times the minimum wage provided herein may be required to

25  provide and maintain hand tools and equipment customarily required by the trade or craft." Cal.

26  Code Regs. tit. 8 § 11050, subd. 9(B). Additionally, when the employer requires uniforms to be

27  worn by an employee as a condition of employment, such uniforms shall be provided and

28  maintained by the employer. *Id.* at 9(A).

LAW OFFICES OF
**MARK YABLONOVICH**
BEVERLY HILLS

99.    During the relevant time period, Plaintiffs incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including but not limited to mileage for supply runs and trips to the bank and other related travel expenses. Although Defendant may have had a reimbursement policy in place, Defendant did not fully reimburse Plaintiffs for the expense reports that Plaintiffs submitted to supervisors. Additionally, Defendant, on a company-wide basis, required that Plaintiffs and other Class Members utilize their own personal cell phones to carry out their job duties, but Defendant failed to reimburse them for the costs of their cell phone plans and data charges. For example, Plaintiffs were sometimes required to use their personal cellular phones to carry out their duties. Although Defendant routinely required Plaintiffs and other Class Members to utilize their personal cellular phones to carry out work-related responsibilities, Defendant failed to reimburse its employees for this cost. Defendant also did not reimburse Plaintiffs and Class Members for the cost of laundering required uniforms.  Defendant could have provided Plaintiffs and other Class Members with the actual tools and materials required for use on the job, including company cell phones or walkie talkies, or reimbursement of the cost of laundering uniforms, but instead, Defendant passed this operating cost off onto Plaintiffs and other Class Members.

100.    Defendant's policy, practice, and/or procedure of passing their operating costs on to Plaintiffs and Class Members by requiring them to incur business-related costs without full reimbursement is in violation of California Labor Code sections 2800 and 2802.

101.    Plaintiffs and Class Members are entitled to recover the full amount of their unreimbursed expenses, interest, and reasonable attorneys' fees and costs of suit plus interest.

## NINTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA LABOR CODE SECTIONS 233, 246, AND 246.5

### FAILURE TO PAY SICK LEAVE

102.    Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

103.    At all times relevant to this Complaint, Labor Code section 246(1) was in effect, which requires that employers pay sick time pay to non-exempt employees at the employee's

"regular rate of pay." Under California law, the determination of regular rate of pay for purposes of determining sick leave pay must include the employee's commissions, bonuses, or other non-hourly compensation.

104.    At all relevant times, Plaintiffs and Class Members on multiple occasions accumulated and were paid sick leave by Defendant have not been paid all accrued sick leave pay as a result of Defendant's pattern and practice of failing to include all forms of remuneration, including but not limited to non-discretionary bonus pay, in calculating the regular rate of pay for purposes of sick leave pay.

105.    Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

106.    At all times herein mentioned, Defendant intentionally and willfully failed to pay Plaintiffs and the Class Members their sick leave at the regular rate of pay. Accordingly, Plaintiffs and the Class Members did not receive the full amount of paid sick leave that they were entitled to receive by law, and therefore were denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

107.    Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief and reasonable attorney's fees and costs.

108.    As a result of the unlawful acts of Defendant, Plaintiffs and the Class Members have been deprived of sick leave pay in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code sections 233, 246, 246.5, 558 and 2698; and Code of Civil Procedure section 1021.5; and Civil Code section 3287.

## TENTH CAUSE OF ACTION

**SECRET UNDERPAYMENT OF WAGES IN**

**VIOLATION OF LABOR CODE SECTION 223**

109.    Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

110.    At all relevant times, California Labor Code section 223 makes it unlawful for an employer to secretly pay wages lower than required by statute or contract while purporting to pay legal wages.

111.    Defendant's policies and practices resulted in the payment of less than statutorily required wages to Plaintiffs and Class Members. Defendant acted with the intent to deprive Plaintiffs and Class Members of statutory wages, including, but not limited to, overtime wages, minimum wages, and meal period and rest period premium wages, to which they were entitled to under California law.

112.    Defendant's conduct violates California Labor Code section 223. Plaintiffs and Class Members are therefore entitled to recover underpaid wages and/or penalties, attorneys' fees, costs, and interest, pursuant to California Labor Code section 225.5.

**ELEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200**

**UNFAIR COMPETITION**

113.    Plaintiffs incorporate by reference and re-allege, as if fully stated, each and every allegation set forth above and below.

114.    The unlawful and/or unfair conduct of Defendant alleged in this Complaint constitutes unfair competition within the meaning of Business & Professions Code section 17200. Due to its unlawful and/or unfair business practices in violation of the Labor Code, Defendant has gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

115.    As a result of Defendant's unfair competition as alleged in this Complaint, Plaintiffs and similarly situated Class Members have suffered injury in fact and lost money or

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

1   property.

2       116.    A violation of California Business & Professions Code sections 17200, et seq.

3   may be predicated on the violation of any state or federal law. In the instant case, Defendant's

4   policy and practice of failing to pay Plaintiffs and Class Members overtime wages violates

5   California Labor Code sections 510 and 1198 and the Wage Order. Defendant's policy and

6   practice of failing to pay Plaintiffs and Class Members minimum wage violates California Labor

7   Code sections 1182.12, 1194, 1197, 1197.1 and 1198. Defendant's policy and practice of failing

8   to provide meal periods and rest periods and to pay meal period and rest period premiums

9   violates California Labor Code sections 226.7, 512(a) and 1198. Defendant's policy and practice

10  of failing to timely pay Plaintiffs and Class Members all earned wages during employment

11  violates California Labor Code section 204. Defendant's policy and practice of failing to pay

12  Plaintiffs and the Class Members their wages, earned and unpaid, either at the time of discharge,

13  or within seventy-two (72) hours of leaving Defendant's employ violates California Labor Code

14  sections 201, 202, and 203. Defendant's policy and practice of failing to provide accurate wage

15  statements to Plaintiffs and Class Members violates California Labor Code sections 226(a) and

16  1198.  Defendant's policy and practice of failing to reimburse Plaintiffs and Class Members

17  business expenses violates California Labor Code sections 2800 and 2802. Defendant's policy

18  and practice of improperly paying or calculating sick pay violates California Labor Code

19  sections 233, 246, and 246.5. Defendant's policy and practice of secretly paying Plaintiffs and

20  Class Members lower wages than required by statute or contract while purporting to pay the

21  proper wages violates California Labor Code section 223.

22      117.    Pursuant to Business & Professions Code section 17203, Plaintiffs and similarly

23  situated Class Members are entitled to restitution of all wages and other monies owed to them

24  under the Labor Code including interest thereon, in which they had a property interest which

25  Defendant failed to pay them but withheld and retained for themselves. Restitution of the money

26  owed to Plaintiffs and similarly situated Class Members is necessary to prevent Defendant from

27  becoming unjustly enriched by its failure to comply with the Labor Code.

28      118.    Plaintiffs and similarly situated Class Members are entitled to recover reasonable

LAW OFFICES OF
MARK YABLONOVICH
BEVERLY HILLS

attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and Class Members, pray for relief and judgment against Defendant, jointly and severally, as follows:

1. That this action be certified as a class action; Plaintiffs be appointed the representatives of the class; and that counsel for Plaintiffs be appointed class counsel;

### As to the First Cause of Action

2. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 510 and 1198 as to both Plaintiffs and Class Members (by failing to pay all overtime compensation); for the full amount of unpaid overtime wages and interest, costs, and for attorneys' fees;

### As to the Second Cause of Action

3. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 223, 1182.12, 1194, 1197, 1197.1, and 1198 as to Plaintiffs and Class Members (by failing to pay at least minimum wages for all hours worked); and for the full amount of unpaid minimum wages and interest, costs, and attorneys' fees;

### As to the Third Cause of Action

4. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 226.7, 512(a) and 1198 as to Plaintiffs and Class Members (by failing to provide all meal periods); and for the full amount of unpaid meal period premium wages and interest, costs, and attorneys' fees;

### As to the Fourth Cause of Action

5. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 226.7 and 1198 as to Plaintiffs and Class Members (by failing to provide all rest periods); and for the full amount of unpaid rest period premium wages, interest, costs,

1    and attorneys' fees;

2    **As to the Fifth Cause of Action**

3        6.    That the Court declare, adjudge, and decree that Defendant willfully violated

4    California Labor Code section 204 as to Plaintiffs and Class Members (by failing to timely pay

5    all earned wages during employment); and for penalties, interest, costs, and attorneys' fees;

6    **As to the Sixth Cause of Action**

7        7.    That the Court declare, adjudge, and decree that Defendant willfully violated

8    California Labor Code sections 201, 202, and 203 as to Plaintiffs Cuevas and Hernandez and

9    Class Members (by failing timely to pay all earned wages upon termination); and for penalties,

10    interest, costs, and attorneys' fees;

11    **As to the Seventh Cause of Action**

12        8.    That the Court declare, adjudge, and decree that Defendant knowingly and

13    intentionally violated California Labor Code sections 226(a), and 1198 as to Plaintiffs and Class

14    Members (by failing to provide accurate wage statements); and for damages, penalties, interests,

15    costs, and attorneys' fees;

16    **As to the Eighth Cause of Action**

17        9.    That the Court declare, adjudge, and decree that Defendant willfully violated

18    California Labor Code sections 2800 and 2802 as to Plaintiffs and Class Members (by failing to

19    reimburse employees for business expenses necessarily incurred); and for the full amount of all

20    unreimbursed expenses, interest, costs, and attorneys' fees;

21    **As to the Ninth Cause of Action**

22        10.    That the Court declare, adjudge, and decree that Defendant willfully violated

23    California Labor Code sections 233, 246, and 246.5 as to Plaintiffs and Class Members (by

24    failing to pay employees for accrued sick leave or properly calculate sick pay); and for

25    penalties, interest, costs, and attorneys' fees;

26    **As to the Tenth Cause of Action**

27        11.    That the Court declare, adjudge, and decree that Defendant willfully violated

28    California Labor Code section 223 as to Plaintiffs and Class Members (by secretly paying them

LAW OFFICES OF
**MARK YABLONOVICH**
BEVERLY HILLS

lower wages); for all wages, interest, costs, and attorneys' fees;

**As to the Eleventh Cause of Action**

12.    That the Court declare, adjudge, and decree that Defendant willfully violated California Business & Professions Code sections 17200, et seq. (by gaining an unfair advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code); and for penalties, interest, costs, and attorneys' fees;

**As to All Causes of Action**

13.    For injunctive relief as provided by law or equity;

14.    For pre-judgment and post-judgment interest as provided by law; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: September 24, 2025                    Respectfully submitted,

LAW OFFICES OF MARK YABLONOVICH

By: */s/Mark Yablonovich*
Mark Yablonovich
Monica Balderrama
Attorneys for Plaintiffs Jose Cuevas, Dora Meza de Castillo, and Gloria Hernandez, on behalf of themselves, all others similarly situated, and on behalf of the general public

SECOND AMENDED CLASS ACTION COMPLAINT